IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER DELLER,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 16-0674 |
| | : | |
| **NORTHAMPTON HOSPITAL** | : | |
| **COMPANY, LLC d/b/a EASTON** | : | |
| **HOSPITAL,** | : | |
| Defendant | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                 June  21, 2016

Jennifer Deller brings this action against Northampton Hospital Company, her former employer, asserting claims of interference and discrimination under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.  The defendant has filed a motion to dismiss to which the plaintiff has responded.  For the following reasons, I will grant the motion in its entirety.

**I.  BACKGROUND**[1]

The second amended complaint alleges that on October 16, 2009, Ms. Deller began working at the Defendant Hospital as a Lab Personnel/Phlebotomist.  The Defendant Hospital commonly allowed Lab Personnel/Phlebotomists who had physical restrictions to perform only Lab Personnel duties while they were subject to restrictions.  For example, a pregnant Lab Personnel/Phlebotomist was accommodated in this manner

---

[1] The facts are gleaned from the second amended complaint.  See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in her favor.

in 2015, as were several other Lab Personnel/Phlebotomists.  Further, Lab Personnel/Phlebotomists were often assigned to perform only Lab Personnel duties even when they were healthy.  Sherry Williams, Ms. Deller's direct supervisor, was in charge of assigning the duties to the Lab Personnel/Phlebotomists.  Norene Scheck, the lab's department head, was aware of Ms. Williams' practices regarding the assignment of duties to Lab Personnel/Phlebotomists.  There were many days during her employment with the defendant when Ms. Deller was assigned only Lab Personnel duties.

In November 2015, Ms. Deller requested FMLA leave in order to have surgery on her shoulder with some time for recovery.  The request was approved for FMLA leave through January 25, 2016.  During her FMLA leave, Ms. Deller had multiple conversations with Ms. Williams, when she informed Ms. Williams that Ms. Deller would most likely be released from FMLA leave with temporary restrictions on overhead reaching and applying tourniquets.  Those restrictions would not have affected Ms. Deller's ability to perform Lab Personnel duties.  Ms. Williams responded that the restrictions would not be a problem because Ms. Deller was needed at the workplace.  Ms. Williams also assured Ms. Deller that she would assign Ms. Deller Lab Personnel duties upon her return until her restrictions were lifted.

Ms. Deller also spoke with Ms. Scheck a few days before her expected return to work and informed her of Ms. Williams' plan to bring her back as Lab Personnel.  Ms. Scheck agreed and requested that Ms. Deller fax to her a note from Ms. Deller's physician allowing her to return to work.  Ms. Deller and her superiors were allegedly

aware that the predicted restrictions would have had no bearing upon Ms. Deller's ability to perform Lab Personnel duties.

Shortly before Ms. Deller was expected to return to work, and after she had spoken with Ms. Scheck, Ms. Deller was informed by Tammy Singley, the defendant's Human Resources Representative, that Ms. Deller would not be permitted to return to work due to her restrictions. Ms. Deller explained to Ms. Singley that Ms. Williams had already promised that Ms. Deller would be able to return to Lab Personnel duties, and that Ms. Williams had indicated that she needed Ms. Deller to perform those duties. Ms. Singley reiterated that Ms. Deller would not be permitted to return to work with her restrictions. It is further alleged that Ms. Singley never contacted Ms. Williams to discuss this decision with her.

Ms. Deller alleges that Ms. Singley's decision to deny Ms. Deller's return to the workplace was tantamount to termination because under the Defendant Hospital's policies, Ms. Deller would have to reapply for a new position after she was cleared to return to work without restrictions. There is no guarantee that Ms. Deller would be rehired by the Defendant Hospital.

## II. STANDARD OF REVIEW

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff

must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 555; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994) (citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Twombly, 550 U.S. at 555, 570; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007). The plausibility determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662,

4

678 (2009)).

## III.  DISCUSSION

In her second amended complaint, Ms. Deller asserts claims of FMLA interference and FMLA discrimination.[2]  See Document #10, Compl. ¶¶ 38-49.  Specifically, Ms. Deller alleges that the Defendant Hospital interfered with her FMLA rights by reneging on its offer to permit her to return from FMLA leave as Lab Personnel, a position which she was able to perform notwithstanding her temporary physical restrictions.  She also alleges that the Defendant Hospital discriminated against her by treating her differently from similarly-situated employees who had not requested and/or taken FMLA leave.

The FMLA was passed in recognition of the need to "balance the demands of the workplace with the needs of families."  29 U.S.C. § 2601(b)(1).  The FMLA allows eligible employees to take protected "reasonable leave" for serious medical conditions and other family reasons.  29 U.S.C. § 2601.  However, leave must be taken "in a manner that accommodates the legitimate interests of employers."  29 U.S.C. § 2601(b)(3).

---

[2]  The FMLA contains two relatively distinct types of provisions.  First, it creates a series of prescriptive substantive rights for eligible employees, often referred to as the "entitlement" or "interference" provisions which set floors for employer conduct.  See Churchill v. Star Enters., 183 F.3d 184, 192 (3d Cir. 1999).  Eligible employees "shall be entitled to a total of twelve workweeks of leave during any twelve-month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  Second, the FMLA provides protection against discrimination based on the exercise of these rights, often referred to as the "discrimination" or "retaliation" provisions.  29 C.F.R. § 825.220(c) ("An employer is prohibited from discriminating against employees . . . who have used FMLA leave").  Employers may not "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions."  29 C.F.R. § 825.220(c); see also Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 147 n.9 (3d Cir. 2004).

5

The FMLA requires employers with fifty or more employees to provide up to twelve weeks of unpaid, job-protected leave to an "eligible employee"[3] who needs time off from work due to a "serious health condition that makes the employee unable to perform" the employee's job.  29 U.S.C. § 2612.  A "serious health condition" is defined as a medical condition that requires inpatient care or "continuing treatment by a health care provider."  29 U.S.C. § 2611(11).  Employers may request that employees seeking FMLA-protected leave return a certification completed by a treating health care provider describing the employee's diagnosis, anticipated length of leave, and how the serious health condition prevents an employee from performing his or her job.  29 U.S.C. § 2613.  Here, the Defendant Hospital does not dispute that Ms. Deller was an eligible employee with a serious health condition under the FMLA, or that it was an employer obligated to provide FMLA benefits.

### A.  Ms. Deller's FMLA Interference Claim

The FMLA makes it unlawful for "any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under this subchapter."  29 U.S.C. § 2615(a)(1).  To survive this motion to dismiss, Ms. Deller must plausibly plead that she was an eligible employee and that the defendant denied her FMLA benefits.  <u>Lichtenstein v. Univ. of Pittsburgh Med. Ctr.</u>, 691 F.3d 294, 312 (3d Cir. 2012) (citing <u>Callison v. City of Philadelphia</u>, 430 F.3d 117, 119 (3d Cir. 2005)).  In addition to

---

[3] An eligible employee is one who (1) has been employed by the employer for at least one year, and (2) has worked at least 1250 hours in the year preceding the employee's need for leave.  <u>See</u> 29 U.S.C. § 2611(2)(A).  Here, because Ms. Deller satisfied these requirements, she is considered an eligible employee for FMLA purposes.

6

refusing leave, discouraging an employee from using FMLA leave may also serve as grounds for an interference claim.  Sommer v. The Vanguard Grp., 461 F.3d 397, 399 (3d Cir. 2006) (citing 29 C.F.R. § 825.220(b)).

Count I of Ms. Deller's second amended complaint asserts that the Defendant Hospital interfered with Ms. Deller's FMLA rights by failing to restore her to her position after her FMLA leave.  I do not agree.

An employee on FMLA leave has a right to be restored to her previous position after she returns from leave.  29 U.S.C. § 2614(a)(1).  Not permitting an employee to return to work after FMLA leave may give rise to an interference claim.  29 C.F.R. § 825.214.  However, an employer is not required to restore an employee to her position if the employee is unable to perform an essential function of her job.  29 C.F.R. § 825.216(c);  See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 384 (3d Cir.2002) (The FMLA does not require an employer to provide a reasonable accommodation to an employee to facilitate her return to the same or equivalent position at the conclusion of her medical leave); Rutt v. City of Reading, No. 13-4559, 2014 U.S. Dist. LEXIS 150864, at *7 (E.D. Pa. Oct. 21, 2014) ("an employer is not required to restore an employee to her position if the employee is unable to perform an essential function of her job").

The Defendant Hospital provided Ms. Deller with the FMLA leave she requested, as required by the FMLA.  The defendant did not reinstate Ms. Deller in January 2016 because she could not perform some of the essential functions of her job, i.e., an inability to reach overhead or to apply tourniquets.  See Second Am. Compl. ¶ 22.  There is no

7

requirement under the FMLA for an employer to accommodate an employee's restrictions when she returns from FMLA leave. Bernhard v. Brown & Brown of Lehigh Valley, 720 F. Supp. 2d 694, 704 (E.D. Pa. 2010) ("The FMLA does not preclude the termination of employees after the expiration of FMLA leave and, unlike the ADA, the FMLA does not require an employer to reasonably accommodate an employee's disability"); Fogleman v. Greater Hazleton Health Alliance, 122 F.App'x 581, 587 (3d Cir. 2004) ("The FMLA does not require that the employer provide accommodation to an employee to facilitate her return. Rather, the employee must be able to perform the essential functions of the job without accommodation."). The regulations also make clear that if an employee were unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA. See 29 C.F.R. § 825.214(b).

The Defendant Hospital granted Ms. Deller's request for FMLA leave. Upon return, Ms. Deller was restricted from performing essential functions of her job. The Defendant Hospital was not required to accommodate those restrictions, or to offer her another position. Accordingly, I will grant the defendant's motion to dismiss Ms. Deller's claim of FMLA interference.

### B. Ms. Deller's FMLA Discrimination Claim

Ms. Deller also alleges that the Defendant Hospital discriminated against her by treating her differently from similarly-situated employees who had not requested and/or taken FMLA leave. See Second Am.Compl. ¶ 48. She further alleges that the defendant

8

denied her continued employment because she had requested and/or taken FMLA protected leave.[4] Id. at ¶ 49.

FMLA retaliation claims derive from the FMLA's implementing regulations. Employers may not "discriminate[] or retaliate[] against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." See 29 C.F.R. § 825.220(c); see also Erdman v. Nationwide Ins. Co., 582 F.3d 500, 508 (3d Cir. 2009). In the Third Circuit, FMLA discrimination or retaliation claims are analyzed under the McDonnell-Douglas burden-shifting framework. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 n.13 (1973). To prevail on a claim for FMLA discrimination or retaliation, a plaintiff must first show that: (1) she invoked her right to FMLA leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights. Hansler v. Lehigh Valley Hosp. Network, 798 F.3d 149, 159 (3d Cir. Pa. 2015) (citing Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301-302 (3d Cir. 2012)). Once a plaintiff establishes those elements,

> "the burden shifts to the defendant to provide evidence of a legitimate, nondiscriminatory reason for the adverse action. If the employer meets this 'minimal burden,' the employee must then point to some evidence that the defendant's reasons for the adverse action are pretextual."

Budhun v. Reading Hospital and Med. Ctr., 765 F.3d 245, 256 (3d Cir. 2014) (citations omitted).

---

[4] These are legal conclusions which are not afforded the same treatment as are factual allegations in disposing of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. I am not compelled to accept legal conclusions. Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007).

Here, it is undisputed that Ms. Deller satisfied the first element of the *prima facie* case for FMLA discrimination. She requested FMLA leave and the Defendant Hospital granted that request. Whether Ms. Deller satisfies the second prong, however, is not so clear. Courts in our circuit have held that in order to show an adverse employment decision, a plaintiff needs to present evidence indicating that she could have performed her job duties at the time of her termination. See Alifano v. Merck Co., 175 F.Supp.2d 792, 795 (E.D. Pa. 2001); see also Smith v. UBS Fin. Servs., Inc., No. 06-03048, 2006 U.S. Dist. LEXIS 70551, at*8 (D.N.J. Sept. 12, 2006) ("because Plaintiff has not alleged that he could have performed his job duties at the time of his termination, he failed to allege that he suffered an adverse employment action"); Dogmanits v. Capital Blue Cross, 413 F. Supp. 2d 452, 463 (E.D. Pa. 2005) (summary judgment granted to defendant where court found that "[i]n order to show that termination was adverse, Plaintiff needs to present evidence indicating that she could have performed her job duties at the time of her termination"). Applying these cases here, I would have to determine that Ms. Deller fails to show an adverse employment decision because she was unable to perform some of the essential functions of her position, and that her FMLA discrimination claim fails.

Other courts in the circuit, however, have concluded that a plaintiff's ability to state a retaliation claim does not depend on her ability to return to work, many noting that the contrary decisions conflate prescriptive and proscriptive rights under the FMLA. See Donald v. SEPTA, No. 13-0440, 2014 U.S. Dist. LEXIS 103670, at *22 (E.D. Pa. July 29, 2014) (plaintiff's termination constituted an adverse employment action for purposes

10

of this motion); Fleck v. WILMAC Corp., No. 10-05562, 2011 U.S. Dist. LEXIS 54039, at *9-10 (E.D. Pa. May 19, 2011) (the plaintiff's termination could still constitute an adverse action under the FMLA even if she were not entitled to reinstatement under the FMLA); Castellani v. Bucks Cnty. Municipality, No. 07-1198, 2008 U.S. Dist. LEXIS 66036, at *15 (E.D. Pa. Aug. 27, 2008), aff'd, 351 F.App'x 774 (3d Cir. 2009) (decisions defendants rely on conflate the regulations applicable to interference and retaliation claims under the FMLA in holding that a plaintiff's inability to return to work precludes finding an adverse action for purposes of a retaliation claim); Chapman v. UPMC Health Sys., 516 F. Supp. 2d 506, 524 n.4 (W.D. Pa. 2007) (termination from employment qualifies as an adverse employment action in an FMLA case); Keim v. Nat'l R.R. Passenger Corp., No. 05-CV-4338, 2007 U.S. Dist. LEXIS 54200, at *21-22 n.6 (E.D. Pa. July 26, 2007) (ultimately concluding that termination is in fact an adverse employment decision).  Here, Ms. Deller characterizes the defendant's decision to deny her return to work as "tantamount to termination . . ."  Applying these cases, then, Ms. Deller could be said to have suffered an adverse employment decision.  Nevertheless, it is not necessary to determine whether Ms. Deller satisfies the second prong of the *prima facie* case of FMLA discrimination or retaliation because she clearly does not satisfy the third prong.  Thus, her FMLA discrimination claim in Count II fails.

      Assuming for our purposes here that Ms. Deller suffered an adverse employment action, her FMLA retaliation claim would still fail because there is no causal connection between her FMLA leave and her termination.  "To demonstrate causation in an FMLA retaliation action, the employee must point to evidence sufficient to create an inference

that a causal link exists between the FMLA leave and the adverse employment action." Ross v. Cont'l Tire of Ams., LLC, No. 12-2631, 2013 U.S. Dist. LEXIS 54423, at *16 (E.D. Pa. Apr. 16, 2013), aff'd No. 13-2437, 2014 U.S. App. LEXIS 11231 (3d Cir. 2014) (citations omitted). There are no facts pled in the second amended complaint to establish that the Defendant Hospital refused to reinstate Ms. Deller to her job because she invoked her FMLA rights. Instead, what was pled is that Ms. Deller was incapable of performing some of the essential functions of her Lab Personnel/Phlebotomist position. Thus, Ms. Deller has failed to demonstrate causation, and her FMLA discrimination claim fails.

In conclusion, under the FMLA, the Defendant Hospital was not required to accommodate Ms. Deller's restrictions, and was in fact permitted to terminate Ms. Deller's employment under those conditions. The second amended complaint has failed to show that the Defendant Hospital interfered with Ms. Deller's FMLA rights, and discriminated or retaliated against her for invoking her FMLA rights. Accordingly, I will grant the defendant's motion to dismiss in its entirety.

An appropriate Order follows.